United States District Court
Southern District of Texas
**ENTERED**
April 16, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Chaumeika Lavaughn Bussey, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-4037 |
| | § | |
| Union Carbide Corporation, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiffs' Motion to Remand this case to the 113th District Court of Harris County, Texas, and Plaintiffs' Motion for Status Conference. Docs. 18, 31. Plaintiffs' Motion to Remand is GRANTED, as the Court declines to exercise federal question jurisdiction over the state law causes of action alleged in the petition. The Motion for Status Conference is therefore DENIED as moot.

**I.**

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Subject-matter jurisdiction is thus inherently a threshold matter. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Once put at issue, the party asserting jurisdiction has the burden

to establish by a preponderance of the evidence that it properly exists. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). Indeed, a presumption against subject-matter jurisdiction "must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). When removal is challenged on jurisdictional grounds, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Original jurisdiction is cabined to "civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. District courts primarily exercise federal-question jurisdiction over causes of action created by federal law; however, federal-question jurisdiction will also lie over state law claims "that implicate significant federal issues." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

For the latter, more limited, category, "federal jurisdiction demands not only a contested federal issue, but a substantial one"; a district court must query whether the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which the court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Id.* at 313-14; *see also Bd. of Comm'rs v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721 (5th Cir. 2017) (noting that federal question jurisdiction exists only where a "federal law creates the cause of action or . . . the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). In other words, even when a plaintiff does not allege a cause of action arising under federal law, "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

The relevant inquiry does not establish a bright-line rule, but the Supreme Court's jurisprudence has articulated definitive bookends of the spectrum. On the one hand, the Court has found federal question jurisdiction appropriately exercised where a state law quiet title cause of action necessarily relied on IRS non-compliance with a federal notice statute, and where a shareholder sought redress under Missouri state law for a defendant corporation's purchase of certain bonds that the shareholder alleged had been unconstitutionally issued. *See Grable*, 545 U.S. 308; *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180 (1921). In both cases, the principal (and dispositive) issue was a federal question. In contrast, the Court has found federal jurisdiction lacking where a plaintiff alleged a state law violation related to birth defects and merely used a federal statute (the Federal Food, Drug, and Cosmetic Act) to prove an element of the state cause of action. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 805 (1986).

Since *Merrell*, the Court has noted that exercising jurisdiction over state law tort claims that rely on federal standards would open district courts' doors to a tidal wave of unintended claimants. *See Grable*, 545 U.S. at 318. Put simply, "garden variety state tort law"—in particular, negligence claims that rely on federal statutory or regulatory violations to establish negligence *per se*—belongs in state court. *See id.* at 318-19.

Here, the parties agree that Plaintiffs' operative state court petition did not allege a cause of action under federal law, including under the Resource Conservation and Recovery Act ("RCRA"). Instead, the operative petition's causes of action for negligence, negligence *per se*, and gross negligence rely on the RCRA to establish an element (duty) of Plaintiffs' claims. *See* Doc. 1-2, at 115. As was the case in *Merrell*, wherein the Court noted that Congress had not provided a federal cause of action under the FFDCA, the RCRA merely permits plaintiffs to secure prospective equitable relief and civil penalties for alleged environmental violations, not the money damages sought in the instant action. *See* 42 U.S.C. § 6972(a). It would thus be illogical to hale a plaintiff into federal court for simply relying on a federal statute to prove negligence when Congress refused to create a federal remedy at law under the same statute. Therefore, the Court finds that the instant action belongs in Texas state court.

**II**

Because Plaintiffs' request for costs relies on the notice of removal's timeliness, the Court also addresses this second argument. *See* Doc. 18, at 16–18. Notice of "removal

of a civil action or proceeding [must] be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," a defendant may file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Plaintiffs first tethered their negligence causes of action to RCRA standards in their Sixth Amended Petition filed on August 15, 2025. *See* Doc. 1-2. Plaintiffs charge that throughout the litigation, depositions and other discovery directly discussed or contemplated RCRA standards, thereby notifying Defendants that the case was removable and rendering the notice of removal untimely. *See* Doc. 22, at 6. However, the governing rule turns on the *receipt* of "an amended pleading, motion, order or other paper," and Defendants filed their notice of removal within eleven days of receiving the Sixth Amended Petition—well within the thirty-day statutory timeframe. *See* Doc. 1. Fatally, Plaintiffs do not establish that another filing or document should have triggered 28 U.S.C. § 1446(b)(3) at an earlier date.

III

Finally, Plaintiffs' request for sanctions is procedurally improper. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED R. CIV. P. 11(c)(2). Courts will not entertain a request for Rule 11 sanctions that is improperly included in another motion or pleading. *See id.*

Within its motion to remand, Doc. 18, Plaintiffs request costs and attorney's fees incurred as a result of Defendants' improper removal. Because Plaintiffs failed to file a separate motion for sanctions, the request is denied. To the extent Plaintiffs invite the Court to exercise its discretion to impose sanctions under Rule 11(c)(3), the Court declines to do so. *See* FED R. CIV. P. 11(c)(3).

IV

Plaintiffs' Motion to Remand is GRANTED and Plaintiffs' Motion for Scheduling Conference is DENIED as moot. The Court remands this case to the 113th District Court of Harris County, Texas.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 16th of April, 2026.

Nicholas J. Ganjei
United States District Judge